

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BICKEL & BREWER,** | § |
| Plaintiff, | § § § |
| v. | § § CAUSE NO. 3:08-CV 0114-D § |
| **UNITED STATES INTERNAL REVENUE SERVICE,** | § § § |
| Defendant. | § § |

Plaintiff Bickel & Brewer ("Bickel & Brewer" or "Plaintiff") files this Complaint based on knowledge as to itself and upon information and belief as to other matters, as follows:

### I.

### NATURE OF THE ACTION

This action is brought to compel the United States Internal Revenue Service to comply with its obligations and provide Plaintiff the records and information it has requested under the Freedom of Information Act. Unilaterally, Defendant has claimed a number of unauthorized extensions to the deadline for it to respond to Plaintiff's requests and that are beyond the statutorily imposed time. As a result of Defendant's unauthorized delays, Plaintiff is forced to bring this action under the Freedom of Information Act, 5 U.S.C. § 552(a)(6)(C)(i), to compel Defendant to respond to Plaintiff's request for information and provide Plaintiff the materials it has requested.

Dockets.Justia.com

## II.

## JURISDICTION AND VENUE

1. This action seeks disclosure of information from Defendant pursuant to the Freedom of Information Act (the "Act" or "FOIA"). The Court has subject matter jurisdiction pursuant to:

   a. FOIA, 5 U.S.C. § 552(a)(6)(C)(i) because this action arises under the Act and Plaintiff has exhausted its administrative remedies; and

   b. 28 U.S.C. § 1331, which grants District Courts general federal question jurisdiction for claims arising under the laws of the United States.

2. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(e)(3) because Defendant is an agency of the United States, Plaintiff is subject to personal jurisdiction in this District, and no real property is involved in this action.

## III.

## PARTIES

3. Plaintiff Bickel & Brewer is a Texas general partnership with a principal place of business in Dallas, Texas.

4. Defendant United States Internal Revenue Service ("Defendant" or "IRS") is a bureau of the Department of the Treasury of the United States Government. The IRS is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## IV.

## PLAINTIFF'S FOIA REQUEST

5. On March 12, 2007, pursuant to FOIA, Plaintiff made a written request to IRS Disclosure Office 3. Plaintiff requested:

> a. any and all documents prepared by the IRS relating to a letter from the law firm Hogan & Hartson, dated August 7, 2003 (accompanying the request), requesting on behalf of an anonymous client an opinion regarding the characterization and tax treatment of certain payments, trusts and transactions described therein ("Subject Request");
>
> b. any and all documents received by the IRS relating to the Subject Request;
>
> c. any and all documents reflecting any communications between the IRS and any third person, including the law firm Hogan & Hartson relating to the Subject Request;
>
> d. any and all documents relating to the meeting held on August 13, 2003, at the IRS, Room 4018, 1111 Constitution Avenue, NW, Washington, D.C. 20224, between IRS employees Stephen Tackney, Jeffrey Vinnite, Ronald Pinsky, Michelle Lyon, Ed Williams, Phyllis Marcus, Bob Misner, Ken Griffin, Danielle Grimm and Cate Fernandez and attorneys Miriam Fisher of the law firm Hogan & Hartson, L.L.P. and co-counsel Charles Lubar and Kenneth Kail of the law firm Morgan Lewis & Bockius.

A true and correct copy of Plaintiff's request to the IRS, dated March 12, 2007 is attached to this Complaint as Exhibit A.

6. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the IRS' response was due on April 13, 2007.

## V.

## **DEFENDANTS' FAILURE TO RESPOND**

7. In a letter dated April 9, 2007, Joan McClean, Disclosure Manager of the Baltimore Disclosure Office of the IRS, unilaterally extended the IRS' response time, from the statutorily required date of April 13, 2007, to July 16, 2007. A true and correct copy of Ms. McClean's letter is attached to this Complaint as Exhibit B.

8. This unilateral extension was well beyond the ten-business-day extension allowed pursuant to 5 U.S.C. § 552(a)(6)(B)(i) in the case of "unusual circumstances,"

3

none of which have been identified in this instance.

9. In an effort to avoid litigation that might further delay Defendant's response, Plaintiff waited to receive the information that Defendant said it would provide on or before July 16, 2007. Unfortunately, Defendant's self-imposed deadline came and went without Defendant producing any documents or other information.

10. On July 19, 2007, Plaintiff contacted Defendant to discuss the status of Plaintiff's request. At that time, Sharon Baker, Senior Disclosure Specialist of the IRS, advised Plaintiff that the IRS's response to Plaintiff's request was still "in process." Ms. Baker informed Plaintiff that the IRS expected to dispatch a second letter granting itself another extension of the statutory deadline at some point in the future. Expecting some form of response to follow, Plaintiff once again awaited the IRS's promised response and the requested materials.

11. Over two months later, on September 24, 2007, Plaintiff received another letter, this time from Gregory G. Turner, Acting Disclosure Manager of the IRS' Baltimore Disclosure Office. As before, that letter again purported to unilaterally extend Defendant's response deadline to November 29, 2007, nearly eight-months after the original deadline mandated by statute. In its letter, Defendant claimed to have sent Plaintiff a letter dated July 26, 2007, further extending the deadline to respond to Plaintiff's request for documents and information. Plaintiff, however, never received any such correspondence. A true and correct copy of Gregory G. Turner's letter dated September 24, 2007, is attached to this Complaint as Exhibit C.

12. As the deadline approached, on November 27, 2007, Plaintiff received yet another letter from Gregory G. Turner. As before, Defendant again unilaterally extended

the response deadline, this time to January 25, 2008 — nearly ten months after the statutory deadline. In its letter, Defendant stated that the additional time is needed for "processing" the request. A true and correct copy of Gregory Turner's letter dated November 27, 2007, is attached to this Complaint as Exhibit D.

13. As discussed above, Defendant has unduly delayed its required response to Plaintiff's request. The information sought by Plaintiff in its request is not exempt from disclosure under FOIA. Nevertheless, Defendant has failed to respond to Plaintiff's request for information and has wrongfully withheld the requested records from Plaintiff. Each of the four unauthorized extensions Defendant has to granted itself was well beyond the ten-business-day extension allowed under 5 U.S.C. § 552(a)(6)(B)(i).

14. Defendant is in violation of 5 U.S.C. § 552 (a)(6)(B). Defendant was obligated to produce the documents and information requested by Plaintiff more than ten months ago. Plaintiff, therefore, brings this action to compel Defendant to respond in accordance with its ,obligations under the Act.

15. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted its applicable administrative remedies.

## VI.

## CLAIMS FOR RELIEF

### CLAIM I

### (Violation of FOIA – Failure to Respond)

16. Plaintiff repeats and incorporates paragraphs 1-15.

17. By failing to timely respond to Plaintiff's requests, Defendant has violated, *inter alia*, 5 U.S.C. § 552(a)(6)(A)(i).

18. Accordingly, pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant should be

compelled to respond to Plaintiff's request and to immediately provide Plaintiff all the information, documents, and records requested by Plaintiff.

## CLAIM II

### (Recovery of Costs and Fees)

19. Plaintiff repeats and re-alleges paragraphs 1-18.

20. Defendant's failure to timely respond to Plaintiff's request has forced Plaintiff to bring this immediate action incurring costs and fees of no less than $10,000.

21. Accordingly, pursuant to 5 U.S.C. § 552(a)(4)(E), Plaintiff is entitled to recover its costs and reasonable attorneys fees.

## VII.

## PRAYER

WHEREFORE Plaintiff respectfully requests that this Court enter an Order:

1. Requiring Defendant to immediately respond to Plaintiff's request and produce the requested records in full within 10 business days of the Court's order;

2. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

3. Grant Plaintiff all other relief that is just and proper.

Dated: January 24, 2008

Respectfully submitted,

**BICKEL & BREWER**

_____
William A. Brewer III
State Bar No. 2967035
Michael L. Smith
State Bar No. 24027989

4800 Bank One Center
1717 Main St.
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015

**ATTORNEYS FOR PLAINTIFF**

5142861.16
1993-01

BICKEL & BREWER

ATTORNEYS AND COUNSELORS
4800 BANK ONE CENTER
1717 MAIN STREET
DALLAS, TEXAS 75201
PHONE: (214) 653-4000
FAX: (214) 653-1015

www.bickelbrewer.com

767 FIFTH AVENUE
50TH FLOOR
NEW YORK, NEW YORK 10153
(212) 489-1400

Writer's Direct Dial: (214) 653-4810
Writer's Email Address: WAB@bickelbrewer.com

March 12, 2007

**VIA CERTIFIED MAIL**

Internal Revenue Service
Disclosure Office 3
Room 940
31 Hopkins Plaza
Baltimore, MD 21201

  Re: Freedom of Information Act Records Request to the Internal Revenue Service (IRS)

Dear Disclosure Officer:

  Pursuant to the Freedom of Information Act (FOIA), I request copies (paper or electronic) of the following records of the IRS:

  1. any and all documents prepared by the IRS relating to the attached letter dated August 7, 2003, from Miriam L. Fisher of the law firm Hogan & Hartson L.L.P., requesting on behalf of an anonymous client an opinion regarding the characterization and tax treatment of certain payments, trusts and transactions described therein ("Subject Request"), including but not limited to, any research or analysis conducted by the IRS in response to the request, and any internal correspondence, memorandum, notes and emails relating to the Subject Request.

  2. any and all documents received by the IRS relating to the Subject Request.

  3. any and all documents reflecting any communications between the IRS and any third person, including the above-identified attorneys relating to the Subject Request, including telephone message logs, voice-mail messages and recordings, emails, notes, memorandum and correspondence.

  4. any and all documents relating to the meeting held on August 13, 2003, at the IRS, Room 4018, 1111 Constitution Avenue, NW, Washington, D.C. 20224, between IRS employees Stephen Tackney, Jeffrey Vinnite, Ronald Pinsky, Michelle Lyon, Ed Williams Phyllis Marcus, Bob Misner, Ken Griffin, Danielle Grimm and Cate Fernandez, and attorneys Miriam Fisher of the law firm Hogan & Hartson, L.L.P. and co-counsel Charles Lubar and

EXHIBIT A

Kenneth Kail of the law firm of Morgan Lewis, including but not limited to, any meeting agenda, recordings or summaries of the meeting, memorandum, notes, meeting minutes and/or tape recordings.

Because the client's identity was not disclosed at the meeting, privacy issues do not apply. Bickel and Brewer represents the anonymous client and makes this request in order to more capably represent our client.

I do not wish to inspect the documents prior to their production. The documents should be produced in printed format and may be provided to me at 4800 Bank One Center, 1717 Main Street, Dallas, Texas 75201.

In order to determine my status for the applicability of fees, you should know that I am an attorney seeking the requested records for the purpose of properly representing my client. This status likely classifies me as a "commercial use requester". I am willing to pay fees for this request up to a maximum of $2,000. If you estimate that the fees will exceed this limit, please contact me at (214) 653-4810.

Thank you in advance for your consideration and assistance in this matter.

Sincerely,

William A. Brewer, III

5128105.2
1993-01

# HOGAN & HARTSON
L.L.P.

MIRIAM L. FISHER  
PARTNER  
(202) 637-5837  
MFISHER@HHLAW.COM

COLUMBIA SQUARE  
555 THIRTEENTH STREET, NW  
WASHINGTON, DC 20004-1109  
TEL (202) 637-5600  
FAX (202) 637-5910  
WWW.HHLAW.COM

August 7, 2003

BY FACSIMILE (202) 622-4437

Stephen Tackney, Attorney  
Internal Revenue Service  
Office of Chief Counsel  
CC:TEGE:EB:EC  
Room 4030  
1111 Constitution Avenue, NW  
Washington, DC 20224

Re:  Background Information for  
     Meeting of August 13, 2003, 1:00 p.m.

Dear Mr. Tackney:

Thank you for arranging the opportunity for us to meet with you, Ms. Fernandez, Mr. Meysner and other Counsel personnel for an initial discussion concerning certain transactions engaged in by our client. We have agreed that our client's identity will not be disclosed for purposes of this meeting. Attending with me will be co-counsel Charles Lubar and Kenneth Kail of the law firm of Morgan, Lewis. The purpose of this letter is to provide background information for your consideration in advance of our meeting at your offices at 1:00 p.m. on August 13, 2003.

Facts:

In the early 1990's, Individual, a high profile business person and senior officer of several public companies, attended several tax planning seminars, organized by California attorneys. Individual, and his regular outside legal advisor (unrelated to the California attorneys), had discussions with these California attorneys regarding tax planning in connection with the exercise of employee options. Individual and other family members with employee options (collectively,

BRUSSELS  LONDON  PARIS*  BUDAPEST*  PRAGUE*  WARSAW  MOSCOW  TOKYO  
\\\DC - 83576/0000 - 1762898  NEW YORK  BALTIMORE  MCLEAN  MIAMI  DENVER  BOULDER  COLORADO SPRINGS  LOS ANGELES  
*Affiliated Office

AUG 07 2003 11:44                                                                PAGE.02

HOGAN & HARTSON L.L.P.

Stephen Tackney, Attorney
August 7, 2003
Page 2

"Individuals") entered into a number of transactions described below. Various tax opinions were provided by the California attorneys, which were reviewed by Individual's unrelated legal advisor. The bulk of the transactions were entered into by Individual and another family member, each of whom is now over 65. The transactions involve options granted by two public companies, one of which spun-off into a third company. The individuals are no longer associated with two of these companies, but several of individuals are still board members or officers of one company. All involved have regularly filed their individual tax returns and are U.S. citizens and residents.

There are three fact scenarios, occurring over a period of years. Although reference is made to Individual, each of the affected individuals engaged in substantially identical transactions.

The 1992 Trusts

The 1992 Trusts were formed under foreign law by Individual and were intended to be foreign non-grantor trusts. The trusts provided that income would be paid to named non-U.S. charities (which could be expanded to other non-U.S. charities), with the balance being held for the benefit of the settlor's family two years after the donor's death. Each 1992 Trust then formed a foreign subsidiary, which formed a U.S. subsidiary, each with nominal capital. The U.S. subsidiaries acquired employee stock options from Individual in exchange for annuities with a value equal to the (substantial) "in the money" value of the options and a discount value using the IRS tables for annuities. The U.S. subsidiaries immediately transferred the annuity obligation and options to the foreign subsidiaries. The options were exercised in 1992 and 1994, with the proceeds used to purchase various assets. The annuity was to commence making payments 1998-1999, but the commencement date was extended by five years, and entries made to adjust the annuity payments. Thus, the annuity has not yet commenced payment.

The 1994 and 1995 Trusts

The 1994 and 1995 Trusts were formed under foreign law and were intended to be treated as foreign grantor trusts (i.e., trusts with a foreign grantor). The 1994 Trusts were formed by a foreign business associate with a contribution of $25,000  The beneficiaries of the 1994 Trusts were the grantor, Individual and family members of Individual. The 1995 Trusts were formed by another foreign

HOGAN & HARTSON L.L.P.

Stephen Tackney, Attorney
August 7, 2003
Page 3

business associate with a contribution of $25,000. The beneficiaries of the 1995 Trusts were Individual and family members of Individual. Several years later, the grantor of the 1995 Trusts was added as a beneficiary.

In these transactions, Individual first transferred the options to a grantor trust organized under foreign law, intended as an asset protection trust. The 1994 and 1995 Trusts each formed foreign subsidiaries, all of which had nominal capital. The foreign subsidiaries acquired employee stock options in 1996 from Individual in exchange for annuities with a value determined by using the Black-Scholes valuation method, and a discount value using the IRS tables. The asset protection trust dissolved or otherwise made distributions of the annuities approximately 6 months to a year after formation. (The 1992 Trusts also entered into similar-type transactions with transfers to foreign subsidiaries owned by 1992 Trusts also occurring in 1996.) The options were exercised in 1996, 1998, 1999 and 2000, with the proceeds used to purchase various assets. The annuity has not yet commenced payment.

Tax Treatment

No income was reported by Individual on the transfer or exercise of the options, and the corporate employers have not undertaken any withholding. We understand that the corporations have not taken any compensation deductions, but were intending to do so when payments were made under the annuity agreement. Further, based upon the position that the 1992 Trusts were not grantor trusts where Individual was the grantor and the 1994 and 1995 Trusts were foreign grantor trusts, no U.S. person included in income any amount from the foreign corporations or income with respect to the 1992, 1994 and 1995 Trusts. Thus, no filings were made by Individual or family members regarding the foreign corporations or the 1992, 1994 and 1995 Trusts. Tax returns were filed by the U.S. corporations owned by the 1992 Trust, but they did not have significant income.

The affected individuals would like to resolve the tax treatment relating to the foregoing transactions. Payments under the annuity contracts are schedule to commence soon, necessitating taking a position regarding the characterization of the payments. Further, characterization of the trusts and possible deemed income inclusions under the controlled foreign corporation provisions need to be addressed.

HOGAN & HARTSON L.L.P.

Stephen Tackney, Attorney
August 7, 2003
Page 4


      Although I will now be out of the office until next Wednesday morning, you can reach me by leaving a message at the number listed above should you have any additional questions before our meeting. We look forward to meeting with you.

                      Sincerely,

                      *Miriam L. Fisher*
                      Miriam L. Fisher


Enclosures

cc:   Charles G. Lubar, Esq.
      Kenneth S. Kail, Esq.



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

APR 9 2007

William A. Brewer, III
Bickel & Brewer
4800 Bank One Center
1717 Main Street
Dallas, TX 75201

Dear Mr. Brewer:

This is in reference to your Freedom of Information Act (FOIA) request dated March 12, 2007 and received in our office on March 16, 2007, for documents relating to the characterization, tax treatment of certain payments, trusts and transactions pertaining to an anonymous client. We are unable to respond to your request by April 13, 2007, which is the 20 business-day period prescribed by law. We apologize for any inconvenience this delay may cause. You may expect a response by July 16, 2007. Since an administrative appeal is limited to a denial of records, it does not apply in this situation. However, you may instead file suit after the statutory time period for response has lapsed.

The FOIA process is not an additional avenue of recourse during administrative tax proceedings; it merely provides access to existing records. Extending the time period for our response to your request has no bearing on any ongoing tax matter such as collection due process procedures or an examination appeal.

## STATUTORY EXTENSION OF TIME FOR RESPONSE

In certain situations the FOIA allows us to invoke an additional ten-day statutory extension. To respond to your request, we require additional time to search for, collect, and review responsive records from other locations. Therefore, we have extended the statutory response date (after which you can file suit), to April 27, 2007, as provided for in the FOIA (5 U.S.C. 552(a)(6)(B)).

## ADDITIONAL EXTENSION OF TIME LIMIT

We realize we will be unable to locate and consider releasing the Internal Revenue Service records covered by your request by the expiration of the statutory period. Therefore, we extended the response date to July 16, 2007, by which time we reasonably believe we can provide a final response to your request.



EXHIBIT B

Page 2.
Mr. Brewer

If you agree to this extension, no reply to this letter is necessary. If we subsequently deny your request, you still have the right to file an administrative appeal. You may want to limit your request, please contact the individual named below. If you do not agree to an extension beyond the statutory period, and do not want to modify the scope of your request, you may file suit. See 5 U.S.C. 552(a)(6)(C)(i) and 26 CFR 601.702(c)(12). You may file suit in the U.S. District Court where you reside or have your principal place of business, where the records are located, or in the District of Columbia.

You may file suit no earlier than April 27, 2007. Your complaint will be treated according to the Federal Rules of Civil Procedure applicable to actions against an agency of the United States. These procedures require that the IRS be notified of the pending suit through service of process, which should be directed to:

**Commissioner of Internal Revenue**
**Attention: CC:PA:DPL**
**1111 Constitution Avenue, NW**
**Washington, DC 20224**

**CONTACT INFORMATION**

If you have any questions concerning this correspondence, you may contact Senior Disclosure Specialist, Sharon Baker, ID #50-00267, by phone at (202) 283-0308 or by mail at: Internal Revenue Service, Baltimore Disclosure Office, SE:S:CLD:GLD:D3-FOIA, George Fallon Fed. Bldg. Room 940, 9th Floor, 31 Hopkins Plaza, Baltimore, MD 21201. Please refer to case number: 03-2007-00450.

Sincerely,

Joan D. McClean
Disclosure Manager
ID #52-00489
Baltimore Disclosure Office



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

SEP 2 4 2007

William A. Brewer, III
Bickel & Brewer
4800 Bank One Center
1717 Main Street
Dallas, TX 75201

In re: Documents relating to the characterization, tax treatment of certain
Payments, trusts and transactions pertaining to an anonymous client

Dear Mr. Brewer:

This is in further response to your Freedom of Information Act (FOIA) request dated March 12, 2007 and received in our office on March 16, 2007.

We wrote to you on July 26, 2007 asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request. If we are unable to respond by November 29, 2007 we will contact you and inform you of the status of your case.

We are sorry for any inconvenience the delay may cause. The additional time is needed for processing your request.

Should you have any questions concerning this correspondence, you may contact Senior Disclosure Specialist Sharon Baker, ID #50-00267, by calling (202) 283-0308 or by writing to: Internal Revenue Service, Baltimore Disclosure Office, SE:S:CLD:GLD:D3, George Fallon Fed Bldg., Room 940, 9th Floor, 31 Hopkins Plaza, Baltimore, MD, 21201. Please refer to case number 03-2007-00450.

Sincerely

*[signature]*

Gregory G. Turner
Acting Disclosure Manager
ID #12-10863
Baltimore Disclosure Office

**EXHIBIT C**



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

November 27, 2007

William A. Brewer, III
Bickel & Brewer
4800 Bank One Center
1717 Main Street
Dallas, TX 75201

In re: Documents relating to the characterization, tax treatment of certain
Payments, truest and transactions pertaining to an anonymous client

Dear Mr. Brewer:

This is in further response to your Freedom of Information Act (FOIA) request dated March 12, 2007 and received in our office on March 16, 2007.

We wrote to you on September 24, 2007 asking for more time to process your request for Internal Revenue Service records. We are continuing to process your request. If we are unable to respond by January 25, 2008, we will contact you and inform you of the status of your case.

We are sorry for any inconvenience the delay may cause. The additional time is needed for processing your request.

Should you have any questions concerning this correspondence, you may contact Senior Disclosure Specialist Sharon Baker, ID #50-00267, by calling (202) 283-0308 or by writing to: Internal Revenue Service, Baltimore Disclosure Office, SE:S:CLD:GLD:D3, George Fallon Fed Bldg., Room 940, 9th Floor, 31 Hopkins Plaza, Baltimore, MD, 21201. Please refer to case number 03-2007-00450.

Sincerely

Gregory G. Turner
Acting Disclosure Manager
ID #12-10863
Baltimore Disclosure Office

EXHIBIT
D

**JS 44** (Rev. 12/07)            CIVIL COVER SHEET      **308 CV 0114 - D**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Bickel & Brewer

**DEFENDANTS**
United States Internal Revenue Service

**(b)** County of Residence of First Listed Plaintiff    Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Bickel & Brewer, 1717 Main Street, Suite 4800, Dallas, Texas, 75201, (214) 653-4000

Attorneys (If Known)

[Stamp: RECEIVED JAN 24 2008 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS]

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
5 U.S.C. § 552(a)(6)(A)(i)
Brief description of cause: Violation of Freedom of Information Act

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE    1-24-08      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____