IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BICKEL & BREWER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0114-BD |
| | § | |
| INTERNAL REVENUE SERVICE | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bickel & Brewer, a Dallas law firm, and Defendant Internal Revenue Service ("IRS") have filed cross-motions for summary judgment in this civil action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. For the reasons stated herein, defendant's motion is granted and plaintiff's motion is denied.

I.

On March 12, 2007, plaintiff made a FOIA request to the IRS seeking documents pertaining to a tax opinion requested by an anonymous client. (*See* Plf. MSJ App. at 8-9). Specifically, plaintiff requested:

> 1. any and all documents prepared by the IRS relating to the [ ] letter dated August 7, 2003, from Miriam L. Fisher of the law firm Hogan & Hartson L.L.P., requesting on behalf of an anonymous client an opinion regarding the characterization and tax treatment of certain payments, trusts and transactions described therein ("Subject Request"), including but not limited to, any research or analysis conducted by the IRS in response to the request, and any internal correspondence, memorandum, notes and emails relating to the Subject Request;
>
> 2. any and all documents received by the IRS relating to the Subject Request;

>3. any and all documents reflecting any communications between the IRS and any third person, including the above-identified attorneys relating to the Subject Request, including telephone message logs, voice-mail messages and recordings, emails, notes, memorandum and correspondence;
>
>4. any and all documents relating to the meeting held on August 13, 2003, at the IRS, Room 4018, 1111 Constitution Avenue, NW, Washington, D.C. 20224, between IRS employees Stephen Tackney, Jeffrey Vinnite, Ronald Pinsky, Michelle Lyon, Ed Williams[,] Phyllis Marcus, Bob Maisner, Ken Griffin, Danielle Grimm and Cate Fernandez, and attorneys Miriam Fisher of the law firm Hogan & Harston, L.L.P. and co-counsel Charles Lubar and Kenneth Kail of the law firm Morgan Lewis, including but not limited to, any meeting agenda, recordings or summaries of the meeting, memorandum, notes, meeting minutes and/or tape recordings.

(*Id.* at 8-9). In its request, plaintiff advised the IRS that it "represents the anonymous client and makes this request in order to more capably represent [the] client." (*Id.* at 9). The request goes on to state that privacy issues do not apply because the client's identity was not disclosed to the IRS at the August 2003 meeting. (*Id.*).

The IRS acknowledged receipt of the FOIA request on April 9, 2007, but did not provide a substantive response within 20 business days as required by law.[1] Instead, the IRS promised a response by July 16, 2007. (*Id.* at 14-15). When a response was not received by that date, plaintiff contacted the IRS to discuss the status of its request. (*Id.* at 41, ¶ 9). An IRS disclosure officer informed plaintiff that the request was "in process." (*Id.* at 41, ¶ 10). On September 24, 2007, the IRS notified plaintiff that it was "continuing to process" the FOIA request and unilaterally extended the response date to November 29, 2007. (*Id.* at 16). Two days before that deadline was set to

---

[1] When an agency receives a FOIA request, it must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination[.]" 5 U.S.C. § 552(a)(6)(A)(i).

expire, the IRS again extended the response date to January 25, 2008. (*Id.* at 17). Frustrated by these delays, plaintiff filed suit in federal district court under 5 U.S.C. § 552.

In response to plaintiff's complaint, the IRS pleads, *inter alia*, that the documents requested by plaintiff constitute confidential return information that is exempt from disclosure under 26 U.S.C. § 6103. (*See* Def. Ans. at 1).[2] This threshold legal issue has been presented to the court by way of cross-motions for summary judgment. The motions have been fully briefed by the parties and are ripe for determination.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). A movant who bears the burden of proof at trial must establish "beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). By contrast, a party seeking summary judgment who does not have the burden of proof at trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that

---

[2] The IRS also maintains that plaintiff has failed to exhaust its administrative remedies. (*See* Def. Ans. at 1; Def. MSJ Br. at 7). The exhaustion requirement is a condition precedent to filing suit "intended to allow a federal agency to exercise its discretion and authority, as well as create a descriptive factual record for the district court to review if necessary." *Helmon v. I.R.S.*, No. 3-00-CV-0809-M, 2000 WL 1909786 at *2 n.5 (N.D. Tex. Nov. 6, 2000), *rec. adopted*, 2000 WL 33157844 (N.D. Tex. Nov. 30, 2000), *quoting Taylor v. Appleton*, 30 F.3d 1365, 1368 (11th Cir. 1994). Under FOIA, exhaustion occurs if the agency denies all or part of a document request within 20 days, or "fails to comply with the applicable time limit provisions of this paragraph." *Id., quoting* 5 U.S.C. § 552(a)(6)(A) & (C). Because the IRS did not act on plaintiff's FOIA request within the time prescribed by law, plaintiff is deemed to have exhausted its administrative remedies. *See Lamb v. I.R.S.*, 871 F.Supp. 301, 303 (E.D. Mich. 1994), *citing Hedley v. United States*, 594 F.2d 1043 (5th Cir. 1979).

summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

A.

FOIA requires a federal agency to disclose agency records unless they are subject to one of nine statutory exemptions. *See U.S. Dept. of Justice v. Julian*, 486 U.S. 1, 8, 108 S.Ct. 1606, 1611, 100 L.Ed.2d 1 (1988). Congress created these exemptions because it "realized that legitimate governmental and private interests could be harmed by release of certain types of information." *Id.*, 108 S.Ct. at 1611, *quoting FBI v. Abramson*, 456 U.S. 615, 621, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982). Nonetheless, FOIA mandates "full agency disclosure" unless the information is clearly exempted under the statute. *See John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 475, 107 L.Ed.2d 462 (1989). The agency withholding information has the burden to sustain its action. 5 U.S.C. § 552(a)(4)(B); *see also Avondale Industries, Inc. v. N.L.R.B.*, 90 F.3d 955, 958 (5th Cir. 1996). In order to obtain summary judgment in a FOIA case, the agency "must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Miller v. United States Dept. of State*, 779 F.2d 1378, 1383 (8th Cir. 1985), *quoting National Cable Television Assn., Inc. v. F.C.C.*, 479 F.2d 183, 186 (D.C. Cir. 1973).

Here, the IRS maintains that the information requested by plaintiff constitutes confidential return information, which is "specifically exempted from disclosure by statute" *See* 5 U.S.C. § 552(b)(3). The statute at issue, 26 U.S.C. § 6103, prohibits an officer or employee of the

United States, or any other person who has or had access to returns or return information, from disclosing "any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section." 26 U.S.C. § 6103(a). The statutory definition of "return information" includes:

> [A] taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, *or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.*

*Id.* § 6103(b)(2)(A) (emphasis added). The return information of an individual may be disclosed only to the individual or to an "attorney in fact duly authorized in writing by [the individual] to inspect the return or receive the information on his behalf." *See id.* § 6103(e)(1)(A)(i) & (e)(6). Section 6103 qualifies as a "withholding statute" for purposes of the FOIA exemption. *See Church of Scientology of California v. Internal Revenue Service*, 484 U.S. 9, 11, 108 S.Ct. 271, 273, 98 L.Ed.2d 228 (1987); *Linsteadt v. Internal Revenue Service*, 729 F.2d 998, 1000 (5th Cir. 1984).

B.

Plaintiff seeks documents from the IRS pertaining to "an opinion regarding the characterization and tax treatment of certain payments, trusts and transactions" involving an anonymous client, including documents relating to a meeting between the client's former attorneys, Hogan & Hartson, LLP, and IRS representatives held in August 2003. (*See* Plf. MSJ App. at 8). A letter from Hogan & Hartson, attached to the FOIA request, identified the client as "a high profile business person and senior officer of several public companies" who was anxious to resolve the tax

treatment of certain transactions involving the transfer of employee options to foreign trusts in exchange for annuities. (*Id.* at 11-12). On its face, the FOIA request seeks documents generated or collected by the IRS in response to an inquiry regarding the client's potential tax liability. *See, e.g. Jones v. United States*, 869 F.Supp. 747, 753 (D. Neb. 1994) ("return information" includes any data received by the Secretary of the Treasury with respect to tax returns or the determination of existence or possible existence of liability for any tax, penalty, interest, fine, or forfeiture); *Figur v. United States*, 662 F.Supp. 515, 517 (N.D. Cal. 1987), *aff'd*, 854 F.2d 335 (9th Cir. 1988), *cert. denied*, 109 S.Ct. 1931 (1989) ("return information" includes the nature, source, and amount of a taxpayer's income and liabilities); *Johnson v. Sawyer*, 640 F.Supp. 1126, 1131 (S.D. Tex. 1986) ("return information" includes any information gathered by the IRS regarding a person's tax liability). Thus, any documents responsive to the request cannot be disclosed to plaintiff without a written authorization signed by the client. *See Rollins v. U.S. Dept. of Justice*, No. H-90-3170, 1992 WL 12014526 at *5 (S.D. Tex. Jun. 30, 1992), *aff'd*, 8 F.3d 21 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1317 (1994) (disclosure of tax information to third-party requires a signed consent from the taxpayer); *Becker v. Internal Revenue Service*, Nos. 91-C-1203, 91-C-1204, & 91-C-1205, 1992 WL 67849 at *4 (N.D. Ill. Mar. 31, 1992) (same).

Plaintiff does not argue, much less prove, that its anonymous client consented in writing to the disclosure of his confidential return information. Instead, plaintiff asks the court to presume consent because the client insists on remaining anonymous. (*See* Plf. MSJ Br. at 22). Not surprisingly, no authority is cited to support this novel argument. Under IRS regulations, "[p]ersons requesting records on behalf of or pertaining to another person must provide adequate proof of the legal relationship under which they assert the right to access the requested records[.]" 26 C.F.R. § 601.702(c)(4)(ii). No such proof exists here. Nor is the court persuaded by *Iacoe v.*

*Internal Revenue Service*, No. 98-C-0466, 1999 WL 675322 (E.D. Wis. Jul., 23, 1999). In that case, the district court held that the IRS may disclose confidential returns and return information to a taxpayer's attorney in a pending judicial proceeding without obtaining a written authorization from the taxpayer because "an attorney appearing for a party is presumed to have the authority to act on the party's behalf." *Id.*, 1999 WL 675322 at *4-5, *citing Anderson v. Flexel, Inc.*, 47 F.3d 243, 249-50 (7th Cir. 1995). However, there is no evidence that plaintiff represents the anonymous client in any pending judicial proceeding.

The court also rejects plaintiff's assertion that the IRS is required to submit affidavits, a *Vaughn* index,[3] or the documents themselves to establish that the FOIA request covers confidential return information. (*See* Plf. MSJ Br. at 20). Such measures are futile where, as here, the "FOIA exemption consists of a generic exclusion . . ., dependent upon the category of records rather than the subject matter which each individual record contains[.]" *In re Department of Justice*, 999 F.2d 1302, 1309 (8th Cir. 1993), *cert. denied*, 114 S.Ct. 1186 (1994), *citing Church of Scientology of California v. Internal Revenue Service*, 792 F.2d 146, 152 (D.C. Cir. 1986); *see also Netzman v. Internal Revenue Service*, No. 3-95-248, 1995 WL 795143 at *2 (D. Minn. Nov. 22, 1995) (granting summary judgment in favor of IRS based solely on review of FOIA request and determination that information constituted "return information" exempt from disclosure).

## CONCLUSION

The IRS has proved that the information requested by plaintiff is categorically exempt from disclosure under 26 U.S.C. § 6103(a). Accordingly, defendant's motion for summary judgment

---

[3] A "*Vaughn* index" is a document-by-document index, specially prepared for litigation purposes, which describes the contents of the records and the reasons why each disputed item is claimed to be exempt from disclosure. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 94 S.Ct. 1564 (1974).

[Doc. #19] is granted and plaintiff's motion for summary judgment [Doc. #20] is denied. The court will dismiss this action with prejudice by separate judgment filed today.

SO ORDERED.

DATED: November 18, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE